IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                                PLAINTIFF

v.                         CIVIL NO. 10-5141

RAY HOBBS, Interim Director,
Arkansas Department of Corrections                                   RESPONDENT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has submitted for filing in this district a pro se petition under 28 U.S.C. § 2254 for a writ of habeas corpus which was provisionally filed on July 27, 2010. (Doc. 1). Defendant filed a Response (Doc. 9), Plaintiff filed a Reply (Doc. 14), and the matter is now ready for Report and Recommendation.

In the Petition, Plaintiff states that he seeks a "Discharge of Sentence." Plaintiff states that he completed his sentence of six years and that the Arkansas Department of Correction refuses to discharge Plaintiff from this sentence.[1] In reality, Plaintiff more specifically alleges Defendant will not remove this served time from his current time card for a separate sentence.[2] Defendant argues that while Petitioner is lawfully in custody serving a 25-year sentence, this is not the sentence addressed in Petitioner's petition for relief. Defendant states that Petitioner is

---

[1] The Court notes Plaintiff sought habeas relief for the judgment regarding this 2004 sentence and was denied habeas relief. See Wilmoth v. Norris, 2008 WL 2783453 (W.D.Ark. 2008).

[2] Plaintiff filed a petition for a writ of habeas corpus seeking relief from this judgment, which is currently pending. Wilmoth v. Hobbs, No. 10-5094 (W.D. Ark. filed on July 27, 2010).

AO72A
(Rev. 8/82)

not in custody for the six-year battery conviction because he has completed that sentence and will never again be in custody for that conviction. Defendant further argues that even if Petitioner's claim was cognizable in a federal habeas action, this claim would be procedurally defaulted by Petitioner's failure to timely and properly raise this claim in state court.

The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). With respect to Plaintiff's petition to seek to remove time served for his April 2004 sentence from his time card for his 2008 sentence for which he is currently incarcerated, while a pro se Plaintiff's pleadings should be construed liberally, See White v. Wyrick, 530 F.2d 818, 819 (8th Cir.1976)(per curiam), Plaintiff does not allege that having time served on his current time card would in any way effect the validity of his current sentence or the length of his incarceration. Kruger v. Erickson, 77 F.3d 1071, 1073 (8th Cir. 1996)("Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ"). Therefore, Plaintiff has failed to state a claim for habeas relief. Since Plaintiff's claim is not a proper habeas action, the question of whether he procedurally defaulted his claim will not be discussed.

Based on the foregoing, the undersigned recommends Plaintiff's case be dismissed for failure to state a claim for which habeas relief can be granted **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of December 2010.

                                        /s/ *Erin L. Setser*
                                        HON. ERIN L. SETSER
                                        UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**