IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL SHANE WILMOTH                                    PLAINTIFF

          v.              Civil No. 10-5141

RAY HOBBS, Interim Director,
Arkansas Department of Corrections                       DEFENDANT

                        O R D E R

    Now on this 27th day of January, 2011, come on for
consideration the following:

    *    plaintiff's **Motion For Injunctive Relief** (document #13);
and

    *    **Magistrate Judge's Report And Recommendation** (document
#16),
and the Court, being well and sufficiently advised, finds and
orders as follows:

    1.   Plaintiff initially brought suit to have the Arkansas
Department of Corrections take time off his "time card," and allow
him to "sign discharge papers" on a six-sentence for domestic
battery -- which is not the sentence upon which he is currently
incarcerated.

    2.   On November 23, 2010, plaintiff filed a Motion For
Injunctive Relief, alleging that he was being denied access to
legal materials; that he was being retaliated against for using
the prison grievance system; and that his legal mail was being
opened, read and confiscated.  He asked for "full access to the

Law Library," transfer to a different unit in the Arkansas Department of Corrections, and an investigation of the alleged retaliation.  These appear to be completely different claims than the one upon which plaintiff initiated his case.

3.   On December 7, 2010, the Magistrate Judge reported that plaintiff' Complaint did not attack either the validity or the length of his present state court sentence -- the basis of a petition under **28 U.S.C. § 2254** -- and recommended that it be dismissed for lack of jurisdiction.  That same day, defendant filed a response to the Motion For Injunctive Relief, noting that injunctive relief is not appropriate in a **§ 2254** case.

4.   Plaintiff has made no objection to the Report And Recommendation, and the Court finds that, to the extent plaintiff seeks to have time taken off his time card, his claims are subject to dismissal.

5.   To the extent that plaintiff appears to have made new allegations relating to the conditions of his confinement, the Court finds this matter should be remanded to the Magistrate Judge, to determine whether plaintiff should be allowed to amend his Complaint to assert allegations under **42 U.S.C. § 1983.**

**IT IS THEREFORE ORDERED** that plaintiff's claim that time should be taken off his time card is **dismissed.**

**IT IS FURTHER ORDERED** that this matter is **remanded** to United States Magistrate Judge Erin L. Setser for further proceedings

with regard to plaintiff's **Motion For Injunctive Relief.**

**IT IS SO ORDERED.**

 **/s/ Jimm Larry Hendren**
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**